**COMMODITY FUTURES TRADING COMMISSION**
140 Broadway, 19th Floor
New York, New York 10005
Telephone: (646) 746-9700
Facsimile: (646) 746-9940

Division of
Enforcement

Gates S. Hurand
Senior Trial Attorney
646-746-9753
ghurand@cftc.gov

March 16, 2018

**BY ECF**

The Honorable P. Kevin Castel
United States District Court
Southern District of New York
Courtroom 11D
500 Pearl Street
New York, New York 10007

Re: *Commodity Futures Trading Commission v. Gelfman Blueprint, Inc. and Nicholas Gelfman*, **No. 17-CV-07181 (PKC)**

Dear Judge Castel:

I am a Senior Trial Attorney in the Division of Enforcement of the Commodity Futures Trading Commission (the "Commission") and represent the Commission in the captioned matter. By this letter-motion, I respectfully request a pre-motion discovery conference to address whether Defendant Nicholas Gelfman ("Gelfman") waived his Fifth Amendment privilege against compelled self-incrimination when he filed his Verified Answer under penalty of perjury without invoking his privilege, and whether he therefore must answer all questions at his deposition concerning matters relevant to his Verified Answer.

The next conference before the Court is the Case Management Conference scheduled for September 5, 2018, at 11:00 AM. Dkt. #19. Pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure, Local Civil Rule 37.2 of the Local Rules of the United States District Court for the Southern District of New York, and 4.B of the Court's Individual Practices, I certify that I have in good faith conferred with Gelfman in an effort to obtain his agreement to provide the requested disclosures (namely, responses to all deposition questions on matters relevant to his Answer) in order to resolve the issue without court action.

**Relevant Proceedings**

The Complaint in this matter was filed on September 21, 2017, alleging a Ponzi scheme involving the virtual currency Bitcoin and at least 80 customers. Dkt. #1. On October 12, 2017, Gelfman, proceeding *pro se*, submitted a Verified Answer to the Complaint. Dkt. #12.[1]

Gelfman did not invoke his Fifth Amendment privilege in his Verified Answer. *Id.* Instead, Gelfman admitted, denied, or stated he did not know (i.e., that he lacked sufficient information to admit or deny) each of the Complaint's allegations. *Id.* Gelfman also asserted one defense. *Id.* Gelfman executed the Verified Answer "under penalty of perjury." *Id.*

While Gelfman is proceeding *pro se* in this matter, he is represented by counsel in criminal proceedings involving many of the same facts as the captioned civil action. *New York v. Nicholas Gelfman*, Case No. 2017NY049091 (N.Y. Crim. Ct. N.Y. County); Dkt. #13 at 2 (Gelfman noting related criminal proceedings in joint letter to the Court).[2] Notably, Gelfman's current criminal counsel also represented Gelfman during the Commission's investigation of this matter. In particular, Gelfman's criminal counsel represented Gelfman during Gelfman's investigative testimony before the Commission at which Gelfman, on the advice of that counsel, invoked his Fifth Amendment privilege. *See* Dkt. #1 (Complaint ¶¶ 77–78); Dkt. #12 (Answer ¶¶ 77–78).

**Gelfman's Recently Stated Intent to Invoke His Fifth Amendment Privilege**

On March 7, during a meet-and-confer call concerning Gelfman's noticed deposition, Gelfman indicated for the first time since the Complaint was filed that he expected to invoke his Fifth Amendment privilege against compelled self-incrimination at the deposition and would decline to answer some but not all questions that may be asked at his deposition. On March 14, during a further meet-and-confer call, Gelfman indicated he would not answer certain questions concerning the subject matter of his Verified Answer on the basis of that privilege. Gelfman further indicated that for some topics, he might answer initial questions on the topic, but then invoke his privilege as to follow-up questions.

In response, I informed Gelfman during the March 14 call that I am not authorized to compel him to give evidence or testimony as to which he may assert his privilege against self-incrimination, that I have no intention of doing so, and that if he answers any questions he will be doing so voluntarily. I also emphasized that I was not giving Gelfman legal advice. I then told Gelfman that the Commission's position was that he had waived his privilege as to matters relevant to his Verified Answer by filing his Verified Answer under penalty of perjury. I also informed Gelfman of the Commission's position that answering one or more questions on a particular topic may constitute waiver of the privilege for that topic. We were unable to resolve the issue through our meet-and-confer because, while Gelfman stated he understood the

---

[1] Defendant Gelfman Blueprint, Inc. did not answer or otherwise move, and default was entered. Dkt. #18.

[2] Gelfman indicated his criminal counsel is Alex Grosshtern, Esq.

Commission's positions and intended to answer some questions concerning topics relevant to his Verified Answer, he also stated he intends to invoke the privilege as to others, either initially or as to questions following up on his initial responses.

**<u>Waiver of the Fifth Amendment Privilege Against Self-Incrimination</u>**

It is the Commission's position that Gelfman waived his privilege against self-incrimination with regard to matters relevant to his Verified Answer when he filed his Verified Answer under penalty of perjury. *See OSRecovery, Inc. v. One Groupe Intern., Inc.*, 262 F.Supp. 2d 302, 306–11 (S.D.N.Y. 2003) (Kaplan, J.) ("An individual may not use the Fifth Amendment as both a shield and a sword, answering some questions related to a particular topic in a given proceeding and avoiding others, as dictated by whim or self-interest.") (citation omitted).

Gelfman's Verified Answer constitutes waiver in regard to matters relevant to his Answer because otherwise the finder of fact likely would be left with a distorted view of the truth, and because Gelfman—who is represented by counsel in his criminal matter, who previously invoked the privilege on the advice of that same counsel during the investigation of this matter before the Complaint was filed, and who then in this filed action chose to submit his Verified Answer himself under penalty of perjury—had reason to know that his Verified Answer would be interpreted as a waiver. *See id.* (defendant who submitted sworn statement in form of affidavit waived privilege against self-incrimination with regard to matters relevant to the affidavit); *cf. ACLI Intern. Commodity Services, Inc. v. Banque Populaire Suisse*, 110 F.R.D. 278, 287–88 (S.D.N.Y. 1986) (Lasker, J.) (Answer and Amended Answer filed by defendant's counsel did not constitute waiver because they were not verified by defendant, and therefore not "testimonial" for Fifth Amendment waiver purposes).

Accordingly, the Commission respectfully requests a pre-motion conference to address whether Gelfman waived his Fifth Amendment privilege with regard to matters relevant to his Verified Answer and whether the Court should direct Gelfman to answer questions at deposition and otherwise disclose information in discovery concerning matters relevant to his Verified Answer. The Commission respectfully submits that this conference is appropriate at this time, particularly in light of Gelfman's *pro se* status.

Respectfully submitted,

Gates S. Hurand

cc:     Nicholas Gelfman (nge6426@gmail.com)