UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING
COMMISSION,

              Plaintiff,

              v.

GELFMAN BLUEPRINT, INC., and NICHOLAS
GELFMAN,

              Defendants.

Case No. 17-7181 (PKC)

ECF Case

**DECLARATION OF GATES S. HURAND PURSUANT TO 28 U.S.C. § 1746
IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
<u>AS TO DEFENDANT GELFMAN BLUEPRINT, INC.</u>**

I, Gates S. Hurand, declare the following:

**1.** I am a member of the Bar of this Court and am employed as a Senior Trial Attorney by the Division of Enforcement ("Division") of the Commodity Futures Trading Commission ("CFTC" or "Commission"), located at 140 Broadway, 19th Floor, New York, NY 10005. The Commission is the Plaintiff in this action against Defendants Gelfman Blueprint, Inc. ("GBI") and Nicholas Gelfman ("Gelfman") (collectively, "Defendants").

**2.** I submit this declaration pursuant to Rule 55.2(b) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York and this Court's Default Judgment Procedures, in support of Plaintiff's application for the entry of a default judgment against GBI pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2 (the "Motion").

**3.** I am familiar with the facts and circumstances in this action, including the documents obtained in this matter. I participated in the interviews of individuals who have

invested money with Defendants ("customers"), interviews of individuals who worked at GBI, the deposition of Defendant Gelfman, and the review of, among other things, GBI documents and records.

**<u>Service on GBI and GBI's Default</u>**

4. The Commission commenced its action against Defendants by filing its Complaint on September 21, 2017. (ECF No. 1 (the "Compl." or "Complaint").) A copy is attached as Exhibit A.

5. A copy of the Summons and Complaint was served on GBI by personal delivery on the New York Secretary of State, a registered agent of GBI, a New York corporation, on September 25, 2017. (ECF No. 9; ECF No. 17-1 ¶ 5.) Copies are attached as Exhibit B (summons) and Exhibit C (affidavit of service).

6. The PACER entries for this matter show that GBI failed to answer or otherwise move in this action, and that GBI has not appeared in the case through a representative to date.

7. By Order dated November 28, 2017, the Court directed Plaintiff to obtain a Clerk's Certificate of Default and to proceed with a motion for default judgment against GBI. (ECF No. 14.)

8. The certificate of default as to GBI was entered on December 20, 2017. (ECF No. 18.) A copy is attached as Exhibit D.

**<u>Section A of the Court's Default Judgment Procedure</u>**

9. **A.i. Nature of the claim**. As discussed in the accompanying Memorandum, this is a civil enforcement action brought by the Commission pursuant to its statutory authority under Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2012), which authorizes the Commission to seek injunctive and other relief in United States district court against any person whenever it shall

appear to the Commission that such person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act, or any rule, regulation, or order thereunder, and provides that district courts "shall have jurisdiction to entertain such actions." Here, the Commission has the authority to bring this action, and this Court has jurisdiction to entertain it, because, as described in the Complaint, it appears that Defendants GBI and Gelfman engaged in acts and practices constituting violations of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a), namely, a Bitcoin Ponzi scheme in which they fraudulently solicited participation in a pooled fund that purportedly employed a high-frequency, algorithmic trading strategy, executed by Defendants' computer program called "Jigsaw," to trade the virtual currency Bitcoin, a commodity in interstate commerce. (*E.g.*, Compl. ¶¶ 1-3.)

10. **A.ii. Subject matter jurisdiction.** As discussed in the accompanying Memorandum, this Court has subject matter jurisdiction over this case pursuant to 7 U.S.C. § 13a-1(a) (jurisdiction over CFTC enforcement actions), 28 U.S.C. § 1331 (2012) (federal question), and 28 U.S.C. § 1345 (2012) (United States as Plaintiff). As mentioned above, the Commission has the authority to bring this enforcement action because, as described in the Complaint, it appears that Defendants GBI and Gelfman engaged in acts and practices constituting violations of 7 U.S.C. § 9(1) and 17 C.F.R. § 180.1(a).

11. **A.iii. Personal jurisdiction over the defendant**. As discussed in the accompanying Memorandum, GBI is a New York corporation based in Staten Island, New York (Compl. ¶ 10), that did business in Staten Island, Manhattan, and elsewhere (Compl. ¶ 14), and

that was served personally via the New York Secretary of State, a registered agent of GBI (ECF No. 9).[1]

**12.    A.iv.    Defendant is not an infant or an incompetent.**  GBI, a New York corporation, is not an infant, in the military, or an incompetent person. (*See* ECF No. 17-1, ¶ 3 (Declaration ("Decl.") of Christopher Giglio dated Dec. 19, 2017) ("GBI is not an infant, in the military, or an incompetent person").)

**13.    A.v.    Certificate of default**.  As mentioned above, attached hereto as Exhibit D is the certificate of default (ECF No. 18), stating GBI was properly served and failed to answer or appear, signed and stamped by the Clerk of the Court, and entered on December 20, 2017.  (*Id.*)

**14.    A.vi.    Documentation substantiating claim.**  The separately filed proposed Consent Order as to Nicholas Gelfman, (ECF No. 27), which includes findings of fact admitted by Gelfman, substantiates the claims against GBI because GBI is liable as principal for the acts of its agents.  7 U.S.C. § 2(a)(1)(B) (2012); 17 C.F.R. § 1.2 (2018).  In addition, attached hereto as Exhibits E through G are illustrative GBI-related documents obtained during the investigation of this matter from GBI, GBI customers, and/or GBI officers, employees, or agents.  Exhibit E reflects images obtained from the GBI website illustrating fraudulent statements and omissions by GBI.  (*E.g.*, Compl. ¶¶ 1-3, 13-44.)  Exhibit F reflects an image obtained from the GBI website "dashboard" illustrating a fraudulent account statement.  (*E.g.*, Compl. ¶¶ 1-3, 45-52.)  Exhibit G reflects an image of a letter obtained from GBI during the investigation falsely stating the assets under management of GBI as of October 2015.  (*E.g.*, Compl. ¶¶ 1-3, 53-63.)

---

[1] N.Y. Bus. Corp. Law §§ 304(a), 306(a) (service on New York corporations via the New York Secretary of State); 7 U.S.C. § 13a-1(a) and (e) (enforcement provision for actions by CFTC providing for nationwide service of process); *CFTC v. Worldwide Commodity Corp.*, 366 F. Supp. 2d 276, 280-83 (E.D. Pa. 2005) (where nationwide service is provided by statute, relevant forum for jurisdictional analysis is the United States); *e.g.*, *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (for corporations, place of incorporation and principal place of business are paradigmatic bases for general jurisdiction) (internal quotations omitted).

## Section B of the Court's Default Judgment Procedure

15. **B.i. Request for damages no greater than that demanded in Complaint**. The Motion seeks the imposition of restitution of $554,734.48 plus post-judgment interest, and a civil monetary penalty of $1,854,000 (three times GBI's gross gain of more than $618,000). Those figures are equal to or less than the principal amounts demanded in the Complaint, namely "full restitution" and "the greater of (1) $170,472 for each violation of the Act and Regulations, or (2) triple the monetary gain from violations of the Act and Regulations." (*See* ECF No. 1 at 19.)

16. **B.ii. Definitive information and documentation**. The amounts provided for in the proposed Order can be calculated from GBI records obtained during the investigation. (*See* Giglio Decl. dated October 1, 2018 ("Giglio Decl."), ¶¶ 5-9 and Ex. A.)

17. **B.iii. No part of judgment yet paid**. No part of the judgment sought has been paid.

18. **B.iv. Interest sought less than 9%.** The Motion seeks post-judgment interest, beginning on the date of entry of the Order, determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2012). As of September 28, 2018, that prevailing rate was approximately 2.58%, which is less than 9%.

19. **B.v. Attorneys' fees**. The Motion does not seek attorneys' fees.

20. **B.vi. Calculation of judgment amount**. As discussed in the Memorandum and computed in the accompanying Gilgio Decl., the proposed Restitution Obligation is $554,734.48, plus post-judgment interest. The proposed Restitution Obligation was calculated as the sum of losses by customers who were fraudulently solicited by Defendants, namely, their principal investments in excess of the funds returned to them by Defendants, as reflected in GBI records. (*See* Giglio Decl., ¶¶ 5-9, and Ex. A.) The proposed Restitution Obligation included all

investments by customers (not GBI partners or principals) because all were fraudulently obtained. (*E.g.*, Compl. ¶¶ 1-3, 76.) The proposed civil monetary penalty ("CMP Obligation") of $1,854,000 is three times the gross amount of fraudulently obtained gains of GBI (which exceeded $618,000, *see* Giglio Decl. ¶¶ 5-9 and Ex. A.) The proposed CMP Obligation included all investments by customers (not GBI partners or principals) because all were fraudulently obtained. (*E.g.*, Compl. ¶¶ 1-3, 76.)

* * *

I declare under penalty of perjury that the forgoing is true and correct.

Dated: October 1, 2018

By:   <u>s/ Gates S. Hurand</u>
Gates S. Hurand
Senior Trial Attorney
Commodity Futures Trading Commission
Division of Enforcement
140 Broadway, 19th Floor
New York, NY 10005
Phone: (646) 746-9700
Fax: (646) 746-9940