UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMMODITY FUTURES TRADING
COMMISSION,

        Plaintiff,

        v.

GELFMAN BLUEPRINT, INC., and NICHOLAS
GELFMAN,

        Defendants.

Case No. 17-7181 (PKC)

ECF Case

# DECLARATION OF CHRISTOPHER GIGLIO PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT AS TO DEFENDANT GELFMAN BLUEPRINT, INC.

I, Christopher Giglio, declare the following:

**1.** I am employed as a Senior Futures Trading Investigator by the Division of Enforcement ("Division") of the Commodity Futures Trading Commission ("CFTC" or the "Commission"), located at 140 Broadway, 19th Floor, New York, NY 10005.

**2.** The Commission is the Plaintiff in this action against Defendants Gelfman Blueprint, Inc. ("GBI") and Nicholas Gelfman ("Gelfman") (collectively, "Defendants").

**3.** I submit this declaration in support of Plaintiff's application for the entry of a default judgment against GBI pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2 (the "Motion").

**4.** I have been assigned to the Commission's investigation and litigation of this matter, and I am familiar with the facts related to and documents obtained in the Commission's investigation and litigation discussed in this declaration.

5.  As part of my investigatory responsibilities in this matter, I have participated in interviews of customers (non-GBI partners/principals) who invested money with Defendants ("customers"), interviews of individuals who worked at GBI, and the deposition of Defendant Gelfman. I also have reviewed materials obtained from customers, GBI, and others, such as the following:

  (a) bank and credit card records relating to GBI;

  (b) virtual currency trading records relating to GBI;

  (c) business records such as customer deposit and balance records relating to GBI;

  (d) promotional materials and communications relating to GBI; and

  (e) Documents and communications relating to customers.

6.  Based on my review of the records and information gathered by the Division in the course of its investigation and prosecution of this matter, including the records cited above, I determined that during the Relevant Period, GBI received a total in excess of $618,000 from customers (not GBI partners/principals), namely $618,574.36, and returned a total of only $64,271.93. *See* Exhibit A (reflecting computations of individual customer deposits in excess of $618,000 and net amounts returned of no more than $64,271.93). $432.05 of the amount that was returned to customers was in excess of the principal that the customers invested and consisted of funds belonging to, or lost by, other customers. Specifically, three customers received payments from GBI in excess of the principal they invested. Therefore, the net amount of principal returned to customers is $63,839.88 (total amount returned of $64,271.93 minus the amount in excess, $432.05). *Id.*

7. The difference between the amount solicited and accepted by GBI, $618,574.36, and the net amount returned to customers, $63,839.88, is $554,734.48. *Id.*

8. The Commission is requesting that GBI pay restitution of the total amount lost by customers, which is $554,734.48. *Id.*

9. The Commission is also requesting imposition of a Civil Monetary Penalty of triple the amount of the gross monetary gain to GBI, which was in excess of $618,000. Three times $618,000 is $1,854,000.

* * *

I declare under penalty of perjury that the forgoing is true and correct.

By: _____

Executed on this 1st day of October, 2018 in New York, New York.